L. A. THOMPSON SCENIC RAILWAY CO. OF NEW JERSEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

L. A. THOMPSON SCENIC RAILWAY CO. OF NEW YORK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

L. A. THOMPSON SCENIC RAILWAY CO. OF MASSACHUSETTS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 26611, 34430, 34431. Promulgated December 16, 1930.

*Victor C. Cormier, Esq.,* and *William Hollinger, Esq.,* for the petitioner.

*L. A. Luce, Esq.,* for the respondent.

### OPINION.

PHILLIPS: These proceedings have been consolidated for hearing and decision. The petitioner, L. A. Thompson Scenic Railway Co. of New Jersey (hereinafter referred to as the New Jersey company), is and at all times hereinafter mentioned was a New Jersey corporation with its principal office in New York, N. Y. The petitioner, L. A. Thompson Scenic Railway Co. of Massachusetts (hereinafter referred to as the Massachusetts company), is and was during the

year 1923 a Massachusetts corporation with an office and place of business in New York, N. Y. The petitioner, L. A. Thompson Scenic Railway Co. of New York (hereinafter referred to as the New York company), is and was during the year 1923 a New York corporation with its principal place of business in New York, N. Y. The New Jersey company during the years 1922 and 1923 owned all the capital stock of the New York company and of the Massachusetts company. The New Jersey company filed its corporation income and profits-tax return, consolidated with the income and profits-tax return of the New York company and the Massachusetts company, on an accrual basis for the calendar years 1922 and 1923 with the collector of internal revenue for the third internal revenue district of New York. Respondent, by letter dated February 21, 1927, determined deficiencies in income tax against the New Jersey company for these two years in the respective amounts of $4,843.24 and $6,791.35. Thereafter and in due time the New Jersey company filed its petition with the Board, asserting twelve errors. On December 28, 1927, the respondent mailed deficiency letters to the New York company and the Massachusetts company in which he determined deficiencies against these companies for the year 1923 in the respective amounts of $5,765.51 and $1,025.84. Thereafter the New York company and the Massachusetts company filed their petitions with the Board and alleged as errors that the deficiency letters were defective in that they did not inform the petitioners of the basis upon which the deficiencies had been determined; that the deficiencies determined against them constituted in the aggregate the same deficiency which had been determined against the New Jersey company for the year 1923; that the latter company had filed a petition with the Board in its own and in their behalf and that this proceeding was pending before the Board when the two latter deficiencies were determined. Following this and on May 17, 1928, the New Jersey company filed an amended petition in its proceeding in which it again asserted all the errors alleged in its original petition and added three additional errors, all of which are to the effect that respondent erred in asserting a deficiency against it when in fact it had no net taxable income for either of said years, but, on the contrary, had suffered losses.

All errors alleged by the New Jersey company, except those added by the amended petition, have been abandoned. The Commissioner determined that the New Jersey company had no taxable income for either of the two years in question but, on the other hand, had losses. He further determined that the Massachusetts company and the New York company both had taxable income and the correctness of this determination is no longer in question. Section 240(b) of the Revenue Act of 1921 provides:

(b) In any case in which a tax is assessed upon the basis of·a consolidated return, the total tax shall be computed in the first instance as a unit and shall then be assessed upon the respective affiliated corporations in such proportions as may be agreed upon among them, or, in the absence of any such agreement, then on the basis of the net income properly assignable to each. There shall be allowed in computing the income tax only one specific credit computed as provided in subdivision (b) of section 236.

The Commissioner first took the position that the entire amount of the deficiencies for 1922 and 1923 was due from the New Jersey company, necessarily upon the theory that an agreement existed by which that company was liable. Later he took the position that the deficiency for 1923 was to be apportioned upon the basis of the net income of each. It is obvious that both positions can not be sustained.

The treasurer of the New Jersey company testified that he held that office during the taxable years and that he knew of no agreement between the affiliated companies as to the apportionment of the taxes for those years. While the testimony of the treasurer of the New Jersey company is not as conclusive as might be desired, it is, we think, when considered in connection with the varying positions taken by respondent, sufficient to require a finding that no agreement as to the apportionment of the tax was entered into, and · we so find. There is no deficiency due from the New Jersey company.

We find no merit in the errors asserted by the Massachusetts and New York companies in their respective petitions. That they were fully informed, if that be necessary, of the basis upon which the deficiencies were determined is shown by the fact that they plead that the aggregate of these two deficiencies has been asserted against the New Jersey company and that this latter deficiency was before the Board for redetermination. Nor does the mailing of these letters to these two companies after the mailing of the letter to the New Jersey company and while the proceeding of the latter was pending before the Board, constitute a violation of section 274(f) of the Revenue Act of 1926. Neither the New York company nor the Massachusetts company received that letter, neither was a party to the proceeding of the New Jersey company, and the Board could not have determined a deficiency against either of them. *Cincinnati Mining Co.*, 8 B. T. A. 79. Although these corporations were members of an affiliated group, none of them lost its separate entity, *Swift & Co.* v. *United. States*, 38 Fed. (2d) 365; *Sweets Co. of America* v. *Commissioner*, 40 Fed. (2d) 436, and each was a taxpayer within the meaning of section 274(f) of the Revenue Act of 1926. Respondent was not precluded from proceeding against the

New York company and the Massachusetts company by reason of having determined a deficiency against the New Jersey company nor by the pendency of the proceeding of the latter before the Board.

*Decision will be entered for petitioner in Docket No. 26611 and for the respondent, in Docket Nos. 34430 and 34431.*